Golden v. Knapp.

---

## PETER S. GOLDEN v. SAMUEL KNAPP.

1. A person taking, as grantee, a deed of conveyance containing a stipulation that he will pay the money due on a certain mortgage then on the property, may be sued by the grantor in covenant for the breach of such stipulation.

2. *Quere.* As to the amount of damages recoverable if the mortgage has not been paid off by the grantor.

Action of covenant.

The substance of the first count of the declaration was that on April 1st, 1868, the plaintiff being the owner of certain described premises, executed to his father, one John Golden, a bond secured by a mortgage on said land, in the sum of $10,000, payable in five years; that afterwards, on March 9th, 1874, he conveyed the premises, subject to the mortgage, to the defendant, and that it was therein "declared, covenanted and agreed by the defendant, that the said farm, tracts of land and premises, with the appurtenances, were on that occasion conveyed by the plaintiff to the defendant, subject to the said $10,000 mortgage, the same forming a part of the said consideration of said indenture, and that the defendant would pay the said principal sum of the said mortgage, with the interest thereon, one part of which said indenture, sealed with the seal of the plaintiff, was then and there delivered by the plaintiff to the defendant, and was then and there accepted and received by the defendant." The breach laid was the nonpayment of the money.

The second count was similar to the first, except that it laid a covenant to pay the money on demand, and a corresponding breach.

The deed sued on was not executed by the defendant.

There was a general demurrer.

Argued at February Term, 1879, before BEASLEY, CHIEF JUSTICE, and Justices WOODHULL and REED.

For the demurrer, *C. H. Winfield.*

For the plaintiff, *W. H. Vredenburgn.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. This demurrer is obviously based on the erroneous assumption that the plaintiff must

exhibit, in his declaration, how he has been specially damni-fied by the breach of covenant which he sets forth.

According to the decision of this court in *Finley* v. *Simpson*, 2 *Zab.* 311, the deed disclosed in the declaration was the deed of the defendant, although not executed by him, and, consequently, the stipulations thereby entered into on his part were his covenants. One of such agreements was that he would pay the money due, and to grow due, on the plaintiff's bond, and the payment of which was secured by the mortgage encumbering the premises conveyed. That covenant is an absolute one to pay a certain sum of money, and the obligation to pay was entirely disconnected with any act to be done, or with any event to happen in the future. The assumed duty was to pay the stipulated money within a reasonable time, and by the failure in performing that duty the covenant was broken. As, therefore, on the breach of a covenant, the law implies nominal damages at least, actionable misconduct on the part of the defendant is shown in the declaration.

From what has been said, the inference is not, however, to be drawn that there is any purpose to intimate what rate of damages should be given to the plaintiff on the facts disclosed. The defendant did not covenant to pay this money to the plaintiff, but to the mortgagee, and it is the injury received by the plaintiff from the non-performance of that agreement for which he is to be indemnified. This branch of the subject is not before the court.

The plaintiff is entitled to judgment.